# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**VALERIO ALEXANDER,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Case No. 2:16-cv-585**
**Crim. No. 2:13-cr-106(1)**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On April 23, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Amended Motion to Vacate under 28 U.S.C. § 2255* be denied and that this action be dismissed. (ECF No. 176.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 184.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 184) is **OVERRULED**. The *Report and Recommendation* (ECF No. 176) is **ADOPTED** and **AFFIRMED**. The *Amended Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 175) is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to one count of sex trafficking of children. The Court imposed the jointly recommended sentence of 15 years imprisonment. (ECF Nos. 87, 133.) Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to disclose he faced pending felony charges, failed to investigate or prepare for trial, suffered a conflict of interest due to pending criminal charges against him, and acted in an abrasive and unprofessional manner regarding his fees, thereby

forcing Petitioner to enter a guilty plea, and challenges the imposition of his sentence as a career offender. The Magistrate Judge recommended dismissal of this action on the merits, declining to address the issue of defense counsel's alleged conflict of interest that had already been addressed on direct appeal. *See United States v. Alexander*, 628 F. App'x 422, 425-26 (6th Cir. 2015). Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits.

Petitioner again raises all of the same arguments he previously presented. He claims that the alleged preoccupation of his former attorney, Javier Armengau, with ongoing financial issues brought about by the pending criminal charges against him prevented his zealous representation of the Petitioner, constituting a conflict of interest. In support, Petitioner again refers to *State v. White*, No. 14AP-160, 2015 WL 9393518, at *2-3 (Ohio App. 10th Dist. Dec. 22, 2015) (denying claim of alleged conflict of interest based on Armengau's upcoming criminal trial), and to the allegations contained in the *Motion for Immediate Interim Remedial Suspension* filed against Armengau by the Columbus Bar Association, particularly in regard to fee disputes with prior clients and trust fund account issues (ECF No. 122-2, PAGEID # 457-84), and to the apparent reimbursement of a former client by the Ohio Board of Commissioners of the Lawyers Fund for Client protection. Petitioner also refers to the correspondence between Petitioner and Armengau regarding their fee dispute and the non-payment of fees. (ECF No. 122-3, PAGEID # 488-91.) According to Petitioner, Armengau inappropriately used his case as a "much-needed cash infusion to pay for his mounting legal bills," and encouraged Petitioner to take a plea deal so as to avoid a lengthy trial, and in order to spend the time and money on his own defense, thereby creating a conflict of interest. *Objection* (ECF No. 184, PAGEID # 1034-35.) As discussed, Petitioner further asserts that his attorney failed to timely obtain discovery material,

failed to interview witnesses, and failed to obtain cell phone records. Petitioner maintains that he is innocent of the charges against him, and that he wanted a jury trial, but entered a guilty plea because he was afraid that his attorney was unprepared. Petitioner also again argues that he was improperly sentenced as a career offender, because his conviction under 18 U.S.C. § 1591 does not constitute a "crime of violence" as defined under U.S.S.G. § 4B1.2(a)(1). He objects to the Magistrate Judge's recommendation of dismissal of this claim.

However, the record simply does not support Petitioner's allegations, and provides no basis to conclude that the defense counsel's preoccupation with making money to pay legal fees incurred by the costs of his upcoming criminal trial constituted a conflict of interest that adversely affected the defense. The record does not indicate that defense counsel failed to prepare or performed in a constitutionally ineffective manner. Further, it does not appear that the prosecution would have been unable to establish the charges. By entry of his guilty plea, Petitioner substantially reduced his potential prison exposure. The letters written by counsel and referred to by Petitioner were both written in February 2014, and after Petitioner had entered his guilty plea. (ECF No. 122-3, PAGEID # 488-91.) The Court subsequently granted Armengau's *Motion to Withdraw*, and conducted a hearing on Petitioner's *Second Motion to withdraw Plea of Guilty*. Moreover, Petitioner's allegation that he felt forced or pressured into pleading guilty is contradicted by the transcript of his guilty plea hearing. Notably, Petitioner also expressed dissatisfaction with his prior two appointed attorneys, complaining that the first attorney was not "on his side" or pursuing his best interests, *see Motion to Withdraw as Attorney and Request for Appointment of New Counsel* (ECF No. 37, PAGEID # 135-36), and that the second was "forcing him into trial." *Transcript* (ECF No. 124, PAGEID # 507.) In any event, Petitioner has failed to establish the denial of the effective assistance of counsel under the test set forth in *Strickland v.*

3

*Washington*, 466 U.S. 668 (1984). Additionally, Petitioner waived his right to challenge his designation as a career offender under the terms of his *Plea Agreement*. (ECF No. 87, PAGEID # 250-51; *see also Guilty Plea Transcript* ECF No. 95, PAGEID # 280-81.) Therefore, this Court will not address the issue here.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 184) is **OVERRULED**. The *Report and Recommendation* (ECF No. 176) is **ADOPTED** and **AFFIRMED**. The *Amended Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 175) is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The Court is not persuaded that Petitioner has met this standard here.

Therefore, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                            8-15-2018
                                  EDMUND A. SARGUS, JR.
                                  Chief United States District Judge